XING SU YU, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–2017–ag.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2006.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney, Western District of North Carolina; Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Xing Su Yu, a native and citizen of the People's Republic of China, seeks review of an April 10, 2006 order of the BIA affirming the December 8, 2004 decision of Immigration Judge ("IJ") Theresa Holmes Simmons, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Su Yu*, No. A 70 886 018 (B.I.A. Apr. 10, 2006), *aff'g* No. A 70 886 018 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the parties' familiarity with the case's facts and procedural history.

When the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ We need not reach the IJ's adverse credibility determinations with respect to Yu's claim that a government official attempted to force her into marriage because the IJ properly found that Yu failed to meet her burden of proof. First, substantial evidence supports the IJ's determination that Yu failed to establish past persecution on this basis. Yu testified that she did not marry the government official who pursued her. Although she claimed that he cancelled her business license and closed her clothing store, she did not allege that she suffered economic persecution as a result or that she made any attempt to reopen her store. In addition, she was never arrested, detained, or beaten by the official. As such, Yu failed to establish past persecution and therefore was not entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *see Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (explaining that in order to establish persecution, the harm must be sufficiently severe, rising above "mere harassment").

■ Similarly, the record supports the IJ's determination that Yu failed to establish a well-founded fear of future persecution in China due to her refusal to marry the government official. Even if Yu is a member of a particular social group, as she argues, the IJ appropriately relied on Yu's lack of corroboration of the government official's existence, and of her previous ownership of a clothing store which was closed, to support its decision. The IJ observed that Yu had a sister who remained in China and reasonably expected Yu to provide a statement from such a family member given that Yu indicated she remained in touch with her sister. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). Furthermore, the IJ properly de-

clined to credit Yu's explanation that her sister could not provide a letter because "she doesn't understand anything" and had a husband who was "addicted to cocaine." *See Cao He Lin,* 428 F.3d at 403 (emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account). Not only had Yu presented her sister as the person who kept her informed of the government officials' intentions, but Yu had "ample time to produce documents" to substantiate the allegations of her claim since she filed her asylum application in 1993. While Yu's sister may have been in a "very difficult position" at the time of the hearing, there was no indication that Yu's sister could not have provided a document at some point in the decade preceding the 2004 hearing.

As to Yu's claim that she suffered an involuntary abortion after becoming pregnant as a result of a rape, substantial evidence does not support the IJ's adverse credibility determination. Because the IJ raised the involuntary abortion claim sua sponte, the grounds on which it based its finding appear to have resulted from an inappropriately stringent standard and flawed reasoning. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). As there is no indication in the record that Yu intended to present this event as a basis for her asylum application in the first instance, the IJ erred in finding that her credibility as to this claim was undermined by her failure to mention it. Similarly, the IJ unreasonably expected Yu to provide corroboration for this event when it appears that she did not anticipate discussing it. Due to the serious nature of the flaws in the BIA and IJ's decisions, we cannot confidently predict that the IJ would reach the same result with respect to Yu's forced abortion claim absent the errors. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006).

Lastly, because Yu failed to administratively exhaust her claims for adjustment of status and relief under the CAT before the BIA, we lack jurisdiction to review them. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part, GRANTED in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Fed. R.App. P. 34(a)(2), and Second Circuit Local Rule 34(d)(1).